The next case called for argument is Van Alen v. City of Alton. I'm going to leave it right here. Thank you.  Good morning. Okay. I mean, this is fairly simplistic with regards to the issue on appeal. And it is that I thought I pled a cause of action for destruction of personal property by the City of Alton based on the circumstances. And the key word that seemed to fly around the courtroom eventually was the word duty. And I studied that and tried to plead facts. I didn't make anything up. This is the facts because it's a rather strange case. My clients buy this property that was ultimately demolished. But because of a scrivener's error in the deed, they received the south half of Lot 4 in this rather old subdivision of Alton instead of the north half where this 913-915 Humboldt Court was. So, as a result of that… Well, my question is, did you really buy it if it's not in the deed? You bought what's in the deed. No, we didn't. They gave us the south half. You thought you did. You thought you did. Yeah. No, they thought they had it. And they started doing things with the property, like most would, when eventually it came to their attention that this error had occurred and they didn't own it. But they have contractual right to it. Is part of this… It's got a building on it and the other part's a big property. Is it vacant or is it two buildings? It's a duplex. Oh, okay. So, in any event, knowing that there is no other owner out there that's going to occupy the premises, even though I guess the people that were supposed to get the south half ended up with the north half, we're not sure what happened there. Never have looked into that. But both properties were foreclosed. Okay. And as a result of that, the bank and they used the title company and my people went to the clothing and received the deed and they thought everything was on the up and up and it turned out it wasn't. And there's actually litigation pending in the circuit court to correct this error. And they've offered on a number of occasions to correct, give us a corrected deed. But unfortunately, in the interim, the property was knocked down because my people never knew anything about a demolitional. Was there any, has there ever been an action filed against the Scrivener? Yes. And that has not been resolved? That has not been resolved. We're working on it. So anyway. Your client bought property, thought he owned, he didn't, but did the city know that? Yes. What was the city's knowledge? The city's knowledge was twofold. One was the fact that they were keeping personal property there and the head of the building and zoning department for the city of Alton knew what my clients were doing with that property. Secondly, and probably more importantly, was there was a number of ordinance violations filed against my client concerning the condition of the property. And my guy had to say, I don't own it right now. I want to own it someday, but I don't right now. So as a result of that information, the city dismissed all the ordinance violations that they had against Van Allen, Inc., because they knew that he didn't officially own it, but that he was trying to get actual deed ownership, I guess is the best way to put it. The knowledge, and does the record reflect whether the knowledge of this deed problem and your client's existence as saying that we should be owning this include knowledge that there was personal property stored in the building? Yes. I mean, I like that specifically. You alleged that the zoning person for the city actually knew that actual knowledge. Was this anyway involved in the dispute with the ordinance violations that the city knew that was actually personal property owned by your client in the building? No, that never did come into the ordinance violations part of it. But in addition to the building and zoning gentleman having knowledge, on the day that they knocked the building down, my client got wind of the fact and actually went there physically to talk to the people that were there with the bulldozer and all the stuff to knock the place down. And he told the people, hey, look, I got stuff in there. And I didn't know you were going to knock the building down because he didn't officially own it. And evidently, you don't need to notify the contract holders of any demolition activity if you follow the demolition scheme. It's just owners. And so anyway, he tells the guy that that's my stuff in there. And so he contacts the city and the city says, we got a demolition order, knock it down. So they had specific knowledge that it was his stuff in there. He asked them to be able to remove it. They did not get that right and tore the building down. And as a result, everything went to the dump, including all his sinks, toilets. Because my client is in the business of rehabbing property for rental property in the city of all, yes, 50 units. And so when they buy these places, these fixer uppers, they typically put in new sinks, new toilets, stuff of that nature. So whenever he can get a deal, he gets a deal and he stores the property. And that's what happened here. So with this knowledge, the city, I've alleged, breached their duty because their duty is to act as a proven person. And if they knew that this stuff was not part of the demolition order, they should have allowed him the opportunity to remove it. But they didn't. And so on that basis, they breached their duty to Van Allen Inc. and a cause of action arose where he has actual damage. And so when you take all the allegations and the complaint is true, which this court is most aware, I mean, keenly aware of that fact, and motion to dismiss, and you view the allegations most favorably, then I've stated a cause of action. Because I've pled facts sufficient to have a duty. As a matter of fact, I even dedicate paragraph five to the duty aspect of it. When it says it was foreseeable that if you're going to knock down the building, you're going to destroy anything inside the building. And knowing that foreseeability and the likelihood that damage would occur to the personal property and the magnitude of guarding against that damage was easily obtainable. I mean, the man was there and could have moved the stuff. And would it have caused delay in the demolition? Yes, for just the amount of time necessary for him to remove his property. So it's on that basis that I feel that I have pled an adequate cause of action because I have pled facts that show that there is a duty, that there was a breach of that duty, and that they failed to act in a reasonably prudent manner, which is required. Prudent to me means you consider everything and you act according to the circumstances you're faced with. And I believe that that was not bad. So, and in my brief, I say that it's not just foreseeability, but it's the likelihood of injury and the magnitude of the burden of guarding against that. And here, it's all there. I mean, the city knew that there was personal property inside, knew it belonged to Van Allen Dean, and tore the building down anyway with the stuff inside and completely destroyed it. They hauled it all off to the landfill. So, I mean, that's what happened. He wasn't able to get one seat in the one toilet. I don't dispute that there was a valid demolition. You don't dispute that there was a valid demolition that the city had? No, I don't deny that. Was there a notice posted on this property that it was going to be demolished? Well, not to my client's knowledge, there wasn't. Well, if there was a notice publicly, if it says this property is going to be demolished and you own it, you can go do something about that by going to the city before the demolition, right? Yeah, and I'm not saying the city didn't post it. I'm saying that the posting wasn't there the whole time. And if you know this neighborhood, all kinds of things get missing, you know, just because it's kids playing around kind of stuff, you know, tearing things up because they can. I mean, it's that kind of neighborhood, unfortunately. I have to say, I think, this part isn't called Mexico, but they have subnames for all these, you know, Pytown for Upper Alton, and I'm not sure where this one fits, but it's in a real old part of Alton. The first subdivisions actually developed in the city of Alton way back when. So, even though we have a statutory scheme that I can't deny wasn't followed because I was not a part of that, and neither was my client, I mean, we had no idea that they even filed a petition to demolish it because we weren't given any written notification. And there's nothing in what they say that would indicate that my client had personal knowledge that the building was going to be demolished on May the 3rd so that they could have acted appropriately beforehand to take their stuff out of there or to move to set it aside, although I don't know what basis they could have used because at that particular time they didn't own it. They just expected to own it someday, and that's why their stuff was there. So, in essence, I mean, we're talking about a complaint, and does the complaint state a cause of action? No breach of duty. Therefore, you have a loss for the damage caused by the city of Alton and their agents, servants, and employees. So, that's really about all I have to say. I kind of stand on my pleading as being that it does, and clearly there has to be a set of facts that exist that could be pledged that keep this thing alive and that it should have been dismissed with prejudice. Now, the first complaint that was dismissed, I have to admit there were some facts that weren't there and I should have had them. But then when we heard that motion, Judge Harrison says, this sounds like a bailment situation to me. And so I get out the form book, find a complaint in bailment, and plead it, and then later on do some research to find out it couldn't have possibly been a bailment because the city didn't own anything, and that has to be contractual. So, when I gave up on that one, then I filed the next one, and I don't know how, but I forgot the allegation of negligence. And I don't know why I did that, but I did it. And I'm, you know, hindsight's always 20-20, but I understand why I did it. But then when it's there and everything is there that I know of that makes a difference in this thing, the ultimate facts that I know from this case would indicate that Van Allen Inc. has to have a cause of action. I mean, the city can't be allowed to tear up somebody's personal property that they know to be that person's personal property and that not be action.  Good morning, gentlemen. May it please the Court. The issue is very simple in this case. It's a question of duty. And the issue is very simple. It doesn't make any difference in that consideration if a person who is part of the city, agent of the city, duly authorized, whatever, has actual knowledge of personal property in the structure of the utility. No, Your Honor, we don't believe it does. They've pled that fact. We're accepting that fact as true for today. But we do not believe that that makes any difference. If we look at the statutory scheme, the obligation, and for clear reasons, is that the city must give notice to the owner or owners of record or persons having an interest of record. There's one simple way we could have prevented this problem, and that's if there's a problem in the deed, as the plaintiff has said, and they had six years to try to correct it, they could have filed at least pending. That would have put the city, the world, on notice that there's a problem with this deed, that there's a potential interest, and then they would be entitled to notice under the statutory scheme in the demolition. They chose not to do that. The city followed the demolition code. The plaintiff has conceded that there was, in fact, a valid demolition order, that there's no evidence that the demolition proceedings were not appropriate. They didn't own this house. The house was vacant under their pleadings, but their word, not mine, and they chose to store materials in a building they didn't own at their own risk. This discussion of the gentleman showing up on the day of demolition virtually throwing himself in front of the bulldozers, well, Judge, that's the type of scheme we can't allow to happen. The city at that point has a valid demolition order. They can't stop the bulldozers and have the guy on the bulldozer make the determination, does this guy own this sink? Who owns this table? Who owns this chair? That's the whole purpose of the demolition proceedings, which were conducted properly in Madison County Court. The red herring, which I found interesting this morning, was just raising for the first time these ordinance violations. That's nowhere in the record. But even with that, the plaintiff's counsel has conceded that his client during those proceedings told the city, I don't own this property. And so the city is – if they can't rely on the recorder of deeds, clearly they can rely on representation by the plaintiff that he doesn't own this property. The General Assembly has set up a very, very clear guideline for demolition because demolition is an extreme remedy. We recognize that. There are safeguards to owners of real property that must be followed. They were followed in this case. If this court were to then create a duty over and above that, it would create a chaotic situation where a city couldn't rely on the recorder of deeds office. They would have to go in physically into a building, try to make determinations as to who owned what, and that is just an unworkable situation. There's a scheme in place. If there's a claim, it could be against the bank for the misdeeding, the owner of the property who got notice and didn't tell the squatter, if you will, that there was going to be a demolition. But the city did everything it could do. The city did everything by the law, and there's just simply no duty under any set of facts as the plaintiff selects, under the facts that we have. The plaintiff didn't own the property. He was not an owner of record. There was nothing in the chain of title which would give the city official notice, and that's the purpose. Because cities can't – the fact that maybe one guy on a street knows one thing, does that impute it to the city as a whole for purposes of demolition? No, it doesn't, for purposes of liability. If I'm a city council member, I can't bind a city. The city acts through the city council. If I'm the mayor, I can't bind the city by my word. That's very clear under the law. The city acts through its corporate authorities. The cop on the street, the guy operating the bulldozer, they can't bind the city. So even if they do, and we'll assume they did for now, it doesn't change the statutory scheme that says you notify these people, publish the notice, post the notice, and as plaintiff's counsel has conceded, he has no evidence that these proceedings weren't properly followed. There's been no filings in the demolition proceedings attacking the validity of those. What we have here is a court action, and did the city owe a duty to a non-record owner? No, they didn't. I think it's that simple. I really have nothing else to add, so I won't belabor the point. If you have any further questions, I'll address them. Otherwise, I'll yield my time. I don't think we do. Thank you. Very briefly, let's say there wasn't any personal property in there, but there were people because the property was vacant and somebody was squatting. Is it okay to knock the building down with people inside and kill them or maim them? I mean, it's the same situation. Something's there that maybe it shouldn't be there, but it's there, and if you're going to knock down a building, there's certain things you should do. One is check to see that there's nobody inside, and two, if you do that, you're going to see all this personal property stored, boxes, brand new stuff. It wasn't like it was a bunch of junk piled in a corner. It was all in boxes waiting to be used and other properties owned by the planner. So, when you look at that analogy, I mean, which one's right? Okay, it would be okay because you followed a statutory scheme that killed three people that happened to be hiding there because that was their only home? I don't think so. I appreciate the briefs and arguments. Council, we'll take the matter on this side. Thank you.